**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61009-CIV-ALTONAGA/Reid**

**SALOME LOPEZ-VICENTE**,

      Petitioner,

v.

**TODD LYONS, ACTING DIRECTOR**
**U.S. IMMIGRATION & CUSTOMS**
**ENFORCEMENT**, *et al.*,

      Respondents.

_____/

**<u>ORDER</u>**

**THIS CAUSE** came before the Court on Petitioner, Salome Lopez-Vicente's Petition for Writ of Habeas Corpus [ECF No. 1], filed on April 8, 2026.  Respondents filed a Response [ECF No. 5].  For the following reasons, the Petition is granted in part.

**I.  BACKGROUND**

Petitioner is a Guatemalan citizen who entered the United States without inspection in 1992 and has remained in the country since.  (*See* Pet. 4, 6).[1]  U.S. Immigrations & Customs Enforcement detained Petitioner on November 20, 2025, and he has been in Respondents' custody at the Broward Transitional Center in Pompano Beach, Florida since that date.  (*See id.* 2–4).  On December 30, 2025, an Immigration Judge ("IJ") denied Petitioner's request for a change in custody status, citing the decision of the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which held that under the Immigration and

---

[1] The paragraph numbering in the Petition is irregular (*see* Pet. 3–4, 12, 15), so the Court cites to the Petition's page numbers.  The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 26-61009-CIV-ALTONAGA/Reid

Nationality Act ("INA"), IJs have no jurisdiction to hear bond requests by aliens similarly situated to Petitioner.  (*See* Pet. 6–7; *see also id.* 13–15).

On April 8, 2026, Petitioner filed the Petition, asserting three claims for relief under the Fifth Amendment to the U.S. Constitution (in Count I) (*see id.* 12–13); the INA and associated regulations (in Count II) (*see id.* 13–15); and the Administrative Procedures Act ("APA") (in Count III) (*see id.* 15–16).  Respondents' Response is abbreviated and incorporates arguments raised in the opposition brief in a similar case: *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, No. 25-24535-Civ, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025).  (*See* Resp. 5).  In *Puga*, respondents argued that the petitioner failed to exhaust administrative remedies, and the petitioner's detention was lawful under 8 U.S.C. section 1225(b)(2)(A).  *See Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-cv-24535, Resp. ("*Puga Resp.*") [ECF No. 5] 3–15, filed Oct. 7, 2025 (S.D. Fla. 2025).

## II.  LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's habeas jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.  DISCUSSION

***Administrative Exhaustion.***  Respondents contend Petitioner has not exhausted all available administrative remedies because he has not appealed his case to the BIA.  *See Puga* Resp. 3.  In *Matter of Yajure Hurtado*, the BIA decided that noncitizens like Petitioner who have resided

in the United States without admission are subject to mandatory detention without bond under 8 U.S.C. section 1225(b)(2). *See* 29 I&N Dec. 216 (BIA 2025). In *Puga*, the Court held that *Hurtado* renders the outcome of any BIA appeal of the detention of an individual such as Petitioner "nearly a foregone conclusion" and therefore relieves a petitioner of exhaustion requirements. *Puga*, 2025 WL 2938369, at *2. Respondents supply no basis to depart from *Puga*'s reasoning (*see generally* Resp.; *see also id.* 5 (acknowledging *Puga* "would control the result here")), and the Court therefore finds that Petitioner is not required to challenge his detention before the BIA.

**INA Claim.** Petitioner asserts that his detention under section 1225(b)(2) is unlawful, as 8 U.S.C. section 1226(a) governs his detention. (*See* Pet. 13–15). Respondents maintain Petitioner is subject to mandatory detention under section 1225(b)(2) "because he was present in the United States without being admitted or paroled." (Resp. 2 (citation omitted)).

As Respondents recognize, courts within this District and the undersigned have rejected the arguments Respondents make here. (*See id.* 3–4 (collecting cases)).[2] Respondents do not persuade that the Court's prior conclusion was in error or that the facts of this case merit a different outcome; instead, Respondents incorporate the arguments made in *Puga* "to preserve the legal issues, to conserve judicial and party resources, and to expedite the Court's consideration of this matter." (*Id.* 2). Consequently, as in *Puga*, the Court concludes that section 1226(a) — not section

---

[2] The INA issues presented in these cases are being considered by the Eleventh Circuit, which held oral argument on March 26, 2026. *See generally Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065 & 25-14075 (11th Cir. 2026).

1225(b) — governs Petitioner's detention, and that Petitioner is entitled to a bond hearing.  *See Puga*, 2025 WL 2938396, at *5.[3, 4]

***Attorney's Fees.***  Petitioner also seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA").  (*See* Pet. 16).  Under the EAJA, "[a] party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 91 (1991) (alteration added; citing 28 U.S.C. § 2412).  The statute extends to prevailing parties in civil actions against "any agency or any official of the United States acting in his or her official capacity[.]" 28 U.S.C. § 2412(a)(1) (alteration added); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (habeas proceedings are civil (citation omitted)).

To recover fees under the EAJA, "the prevailing party must submit to the court an application for fees and expenses 'within thirty days of final judgment in the action.'" *Melkonyan*, 501 U.S. at 91 (quoting 28 U.S.C. § 2412(d)(1)(B)).  As the Court rules in Petitioner's favor, Petitioner may apply within 30 days of final judgment showing he is a prevailing party, the amount sought, and that the position of the United States was not substantially justified. *See Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, No. 05-80339-Civ, 2006 WL 8430907, at *1 (S.D. Fla. May 5, 2006) (citing 28 U.S.C. § 2412(d)(1)(B)); *see also De La Caridad Brito v. Saul*, No. 19-cv-22911, 2020 WL 7248247, at *1 (S.D. Fla. Nov. 9, 2020) ("An EAJA request is timely if made

---

[3] The Court declines to reach the merits of Counts I and III, Petitioner's Fifth Amendment and APA claims, respectively, as the Court grants the relief Petitioner seeks in Count II.  (*See* Pet. 13–15); *see, e.g.*, *Puga*, 2025 WL 2938396, at *6 (citing *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sep. 9, 2025)).

[4] The Court acknowledges Petitioner requested the Court order Respondents to facilitate his attendance at an immigration appointment.  (*See* Pet. 3, 16; *see also generally id.*).  Petitioner does not cite a proper basis for the Court's authority to grant such relief.  (*See generally id.*).  By contrast, as explained, Petitioner establishes he is entitled to a bond hearing under 8 U.S.C. section 1226(a).

CASE NO. 26-61009-CIV-ALTONAGA/Reid

within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." (quotation marks and citations omitted)).

### IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.       Petitioner, Salome Lopez-Vicente's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **GRANTED in part**.  Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. section 1226(a) or otherwise release Petitioner.

2.       Counts I and III are **DISMISSED without prejudice**.

3.       The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 1st day of May, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record